F I L E D
United States Court of Appeals
Tenth Circuit

JUN 24 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LISA MILLER, individually and as
mother and next friend of Kentrell
Miller, a minor, and Me'Lisa Miller,
a minor,

        Plaintiff - Appellant,

v.

CITY OF NICHOLS HILLS POLICE
DEPARTMENT; JONATHAN
JENNINGS, individually and in his
official capacity as a police
 officer for the City of Nichols Hills;
JEFF SUTHERLAND, individually
and in his official capacity as a police
officer for the City of Nichols Hills;
STEWART MEYERS, as Mayor and
chief policy maker for the City of
Nichols Hills; DOUGLAS HENLEY,
as City Manager and chief policy
implementor for the City of Nichols
Hills; DR. WARREN FELTON, in his
official capacity as City Councilman
and policy maker for the City of
Nichols Hills; GREG RAWLS, in his
official capacity as City Councilman
and policy maker for the City of
Nichols Hills; RICHARD MASK, as
Chief of Police and chief policy maker
for the Nichols Hills Police
Department,

        Defendants - Appellees.

Nos. 01-6128 & 01-6142
(D.C. No. CIV-00-1332-M)
(W.D. Oklahoma)

## ORDER AND JUDGMENT [*]

Before **EBEL** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.[1]

Plaintiff Lisa Miller filed an action under 42 U.S.C. § 1983, on behalf of herself and her children, Kentrell and Me'Lisa Miller, claiming that defendants Jonathan Jennings and Jess Sutherland, police officers with the City of Nichols Hills, Oklahoma Police Department, violated their civil rights by arresting them without probable cause and using excessive force against them during the arrest. Miller also named the City of Nichols Hills Police Department and numerous other city officials (the "City Defendants"), claiming the City's policies and

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     The Millers filed two separate notices of appeal of the district court's judgment. Appeal No. 01-6142 has been consolidated with appeal No. 01-6128.

procedures allowed police officers excessive discretion and were insufficient to prevent officers from violating the Millers' constitutional rights. The Millers also claimed the City Defendants failed to adequately train and supervise its police officers.

The district court granted partial summary judgment in favor of the defendants. It dismissed all of the wrongful arrest claims, ruling that Jennings and Sutherland were entitled to qualified immunity because the Millers failed to show these defendants arrested them without probable cause. For the same reason, the court ruled that the Millers failed to demonstrate that any policies of the City Defendants resulted in a wrongful arrest. The district court also dismissed the failure to train claim, ruling the Millers produced no evidence to support their claim that the City Defendants had failed to implement and maintain adequate policies and procedures to properly hire, train and supervise police officers. The district court denied summary judgment with respect to the excessive force claims, however. After a trial, the jury returned a verdict in favor of the defendants.

The Millers appeal the grant of summary judgment on the wrongful arrest claims and challenge certain jury instructions. This court exercises appellate jurisdiction under 28 U.S.C. § 1291, and affirms.

BACKGROUND

On the afternoon of March 12, 2000, Officer Jennings observed a blue Ford Explorer, Miller's vehicle, traveling ten miles over the posted speed limit with an expired licence tag. He radioed the police dispatcher and requested a check of the vehicle. The dispatcher advised Jennings that the vehicle was registered in Oklahoma by Lisa Miller. She asked if the vehicle had a Canadian tag, and Jennings replied it did not. The dispatcher informed Jennings that the vehicle's tag was reported by the National Crime Information Center (NCIC) computer as being from a stolen vehicle in Canada.

Jennings initiated a felony stop of Miller's vehicle when Officer Sutherland arrived as back-up. Jennings ordered the driver to turn the vehicle off and ordered all the occupants to put their hands on the vehicle's headliner. The officers aimed their weapons at the driver's door and ordered the driver out of the car. When Miller got out, Jennings ordered her to face the front of the vehicle and keep her hands in sight, then to go down to her knees and cross her ankles. Miller complied, and then Jennings asked all the remaining occupants to exit. Me'Lisa, twelve, and Kentrell, thirteen, exited the vehicle and went down to their knees.

Jennings approached Miller, holstered his gun, placed her in handcuffs, and explained to her that the vehicle had been reported as stolen. Miller told him she

owned the vehicle, that it was not stolen and that she had not reported it stolen. Jennings patted Miller's jacket for weapons and placed her in the back of a police car. He informed her if there was a mistake, the officers would get it cleared up right away. Sutherland patted down the children, checking for weapons, and placed them in the back of the other police car. The officers briefly examined the car, finding no indication of theft, and contacted the dispatcher again.

This time the dispatcher informed Jennings that the stolen vehicle might be a motorcycle from Canada and that she was attempting to verify this information. Jennings explained this to Miller, removed her handcuffs, asked her to remain in the car, and said she would be released if this information could be verified. Shortly thereafter, the dispatcher informed the officers that the stolen vehicle was, in fact, a motorcycle from Canada with the same tag number as Miller's Explorer. The officers released Miller and her children without citing her for speeding or the expired tag. Jennings gave her his card and offered to help expedite renewal of her tags. The entire traffic stop lasted less than twenty minutes.

The next day, the City of Nichols Hills Police Department discovered the faulty NCIC report was the result of a statewide change in the NCIC response procedure the previous week. Previously, a tag number entered on the teletype would automatically default to the Oklahoma database and the dispatcher did not need to enter the state of the vehicle's tag. After the change, the database

searched all available data on the NCIC system. However, the City of Nichols Hills had not been informed of the change. When the dispatcher entered Miller's vehicle tag without limiting her search to Oklahoma, the NCIC system showed a match for Miller's vehicle but the dispatcher was unaware at the time of her initial report to Jennings that NCIC was matching a vehicle from outside Oklahoma.

## ANALYSIS

We review the district court's grant of summary judgment de novo while examining the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### Constitutionality of Arrest

The Millers contend the district court erred in granting summary judgment on their wrongful arrest claims, asserting there was no probable cause to effect the warrantless arrest.

> We analyze the constitutionality of a warrantless arrest under the probable cause standard. A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has

reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense. When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest the plaintiff. Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity.

*Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (quotations and citations omitted); *see also Hunter v. Bryant*, 502 U.S. 224, 228 (1991) ("Probable cause exist[s] if 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing'" a crime had been committed) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

In arguing that the officers lacked probable cause, the Millers misstate the facts in the record. They incorrectly claim that Jennings could not and did not articulate the crimes he believed had been committed when he effectuated the stop. Appellant's Opening Br. at 13. Jennings did, in fact, articulate crimes he reasonably believed had been committed, presenting undisputed testimony that he stopped the vehicle because of its excessive speed, its expired tag and the dispatcher's report from NCIC that the vehicle was reported as stolen. The Millers claim the dispatcher informed Jennings prior to the stop that the stolen vehicle was a motorcycle from Canada. *Id*. at 3. In fact, the undisputed evidence of the recorded conversation between Jennings and the dispatcher demonstrates

that, at the time of the stop and the arrest, Jennings only knew the tag on the vehicle was reported as being from a stolen vehicle and did not know the stolen vehicle was a motorcycle. The Millers claim Jennings knew the driver was a woman, consistent with the dispatcher's report that the vehicle was owned by a Lisa Miller. *Id.* at 12. In fact, the defendants presented undisputed evidence that the vehicle had dark, tinted windows and the officers were unable to see the gender, age, number or race of the persons in the vehicle prior to the stop.

The Millers contend it was not reasonable for Jennings to have made the arrest without further investigation into the dispatcher's report. We disagree. The officers were entitled to rely on the reasonably trustworthy information provided to them by the dispatcher, even though the information was later determined to be faulty or inadequate. *See United States v. Hensley*, 469 U.S. 221, 231 (1985) (holding that police officers are entitled to rely on the reasonable information relayed to them from a police bulletin); *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001) (holding officers are entitled to rely on reasonable information relayed from police dispatcher and it is immaterial that dispatcher's information is later determined to be faulty or inadequate). In particular, it was objectively reasonable for the officers to rely on the dispatcher's NCIC report of a stolen vehicle report matching the tag on Ms. Miller's vehicle. *See United States v. Shareef*, 100 F.3d 1491, 1505-06 (10th Cir. 1996) (upholding

as reasonable officer's reliance on dispatcher's mistaken report of a NCIC match, rejecting argument officer should have conducted further investigation prior to investigative stop). The NCIC report indicating that the vehicle had been reported as stolen, as relayed to the officers by the dispatcher, was sufficient to provide probable cause for the arrest. *Duckett v. City of Cedar Park*, 950 F.2d 272, 280 (5th Cir. 1992) (holding that an NCIC computer printout is sufficient to establish probable cause for an arrest); *United States v. Roper*, 702 F.2d 984, 989 (11th Cir. 1983) (finding probable cause to arrest where officer radioed NCIC and learned of warrant); *see also United States v. Hines*, 564 F.2d 925, 927 (10th Cir. 1977) (noting that information from NCIC computer bank "has been routinely accepted in establishing probable cause for a valid arrest"). Thus, we agree with the district court that the undisputed facts, viewed in the light most favorable to the Millers, establish that the officers had probable cause to make the warrantless arrest.

Jury Instructions

The Millers contend the district court erred in instructing the jury that it had determined the arrests were lawful. The Millers fail to identify in their brief where any objection to this instruction was raised and ruled upon. *See* 10th Cir. R. 28.2(C)(2) and 10th Cir. R. 28.2(C)(3)(b). Furthermore, for the reasons stated above, this statement was a correct statement of the law and was necessary to

ensure that the jury did not proceed on an incorrect belief that the defendants lacked probable cause to make the arrests. *See Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999).

Finally, the Millers contend the reasonable mistake jury instruction prejudiced them because it included the statement that "[u]nless you find from all the facts and circumstances as they appeared to the officers at the scene that no reasonable officer would have done what these officers did, then you should find for defendants." Appellant's App. at 19. Citing no authority, the Millers contend the "no reasonable officer" phrase prejudiced them by requiring they prove a negative. We find no error. The instruction correctly informed the jury that the constitutionality of the defendant officers' use of force "must be judged from the perspective of a reasonable officer on the scene," judged by an objective standard. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The "unless . . . no reasonable officer" phrase used in the instruction is simply the double negative equivalent of "a reasonable officer." *Napier v. Town of Windham*, 187 F.3d 177, 183-84 (1st Cir. 1999).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge