# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3289

_____

United States of America,

       Appellee,

v.

Ruben Olivares-Rodriguez,

       Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 18, 2011
Filed: April 7, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On August 27, 2009, Sergeant Jim Bauerly of the Woodbury County Sheriff's Department initiated a traffic stop of a 2000 Ford Expedition driven by Ruben Olivares-Rodriguez on Interstate 29 because the vehicle had a large crack across the length of its windshield. Sergeant Bauerly discovered that Olivares-Rodriguez's driver's license was suspended and placed him under arrest for driving with a suspended license. Sergeant Bauerly, Woodbury County's K-9 supervisor and drug recognition expert, was accompanied by a drug dog, Bosco. Sergeant Bauerly decided to take Bosco around Olivares-Rodriguez's vehicle. After Bosco made several responses to the vehicle that Sergeant Bauerly interpreted as indicating the presence

of drugs, Sergeant Bauerly decided to search the interior of the vehicle. Inside, he discovered a boot containing approximately four-and-one-half ounces of cocaine. In a post-arrest interview, Olivares-Rodriguez admitted that he was transporting drugs from Omaha, Nebraska, to Sioux City, Iowa.

A federal grand jury returned an indictment charging Olivares-Rodriguez with possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He filed a motion to suppress both the cocaine found in the boot and the inculpatory statements from the post-arrest interview, claiming that the search of his vehicle violated the Fourth Amendment. Following a suppression hearing, a magistrate judge concluded that there had been no Fourth Amendment violation and recommended that the motion to suppress be denied. After *de novo* review, the district court[1] adopted the report and recommendation and denied the motion to suppress. Olivares-Rodriguez entered a conditional guilty plea, and the district court sentenced him to 36 months' imprisonment. He now appeals the denial of his motion to suppress.

The Fourth Amendment guarantees "against unreasonable searches and seizures," U.S. Const. amend. IV, and it is well settled that "searches conducted . . . without prior approval by judge or magistrate[] are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions," *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). One such exception allows "a warrantless search of an automobile stopped by police officers who ha[ve] probable cause to believe the vehicle contain[s] contraband." *United States v. Ross*, 456 U.S. 798, 799 (1982). Olivares-Rodriguez concedes that Sergeant Bauerly lawfully initiated the traffic stop. Further, he

_____

[1] The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable Paul A. Zoss, Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

acknowledges that an "indication by a properly trained and reliable drug dog provides probable cause for . . . the search of a vehicle." *United States v. Winters*, 600 F.3d 963, 967 (8th Cir.), *cert. denied*, 562 U.S. ---, 131 S. Ct. 255 (2010). Olivares-Rodriguez's sole argument on appeal is that Bosco did not provide a sufficient indication of the presence of contraband.

The report and recommendation adopted by the district court found that Bosco was reliable and had indicated the presence of drugs in Olivares-Rodriguez's vehicle. We will overturn this factual finding only if it is clearly erroneous. *See United States v. Donnelly*, 475 F.3d 946, 951 (8th Cir. 2007). We conclude that it is not. At the initial suppression hearing, Sergeant Bauerly testified that Bosco is an "aggressive indicator" who "starts whining" and "bite[s] and scratch[es] where he smells the narcotic odor." Sergeant Bauerly testified that Bosco indicated in this manner three times. First, when Bosco initially approached the Expedition the dog jumped up and scratched at the rear of the vehicle. Second, as Sergeant Bauerly took him around to the driver's side, Bosco jumped and scratched at the front door handle. Finally, during a second pass around the vehicle, Bosco whined, jumped, and scratched at the front passenger's door.

This testimony was consistent with the video recorded by the camera on the dashboard of Sergeant Bauerly's cruiser. It also was consistent with the testimony of Sergeant Edward Van Buren of the Douglas County Sheriff's Department K-9 unit, who reviewed the recording and testified that, in his opinion, Bosco positively indicated on Olivares-Rodriguez's vehicle. Although Olivares-Rodriguez's expert witness, Steven Nicely, testified that Bosco's actions did not constitute an indication, we conclude that the district court did not clearly err in crediting the testimony of Sergeant Bauerly and Sergeant Van Buren over the testimony of Nicely. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses . . . that finding . . . can virtually never be clear error."). We likewise are

-3-

unpersuaded by Olivares-Rodriguez's contention that Bosco merely responded to the cues of Sergeant Bauerly. Nicely's testimony to this effect was contradicted by Sergeant Bauerly, who testified that he did not cue the dog, and also by Sergeant Van Buren, who testified that he could observe no cuing on the recording. The district court did not clearly err in crediting the officers' testimony rather than Nicely's. *See id.*

Because we find no clear error in the district court's finding that Bosco gave a sufficient indication of the presence of drugs to provide Sergeant Bauerly with probable cause to search the vehicle, we affirm.

_____