# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1276

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Arkansas. |
| Andres Carbajal, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: October 17, 2011
Filed: January 5, 2012

———————

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Andres Carbajal entered a conditional plea of guilty to possessing with intent to distribute more than 500 grams of cocaine. Carbajal now appeals the district court's[1] denial of his motion to suppress evidence.

Carbajal was traveling on Interstate 30 when Arkansas State Police Trooper Adam Pinner observed Carbajal's vehicle following too closely behind the vehicle in

———————

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

front of him. Trooper Pinner pulled Carbajal over. Over the course of the stop, Trooper Pinner made several observations that caused him to suspect that Carbajal was engaged in illegal activity, including that Carbajal was "overly" nervous and his pulse was visible in his neck; Carbajal stated that he was traveling from Dallas, Texas, to visit people in Little Rock, Arkansas, for three days, but Trooper Pinner thought the luggage in Carbajal's vehicle was insufficient for such a trip; Carbajal's vehicle contained multiple air fresheners, which Trooper Pinner knew to be used sometimes to disguise the odor of drugs; the vehicle smelled like gasoline; Carbajal's automobile insurance only covered a one-month period; and no other keys were attached to the key in the ignition.

Trooper Pinner requested permission to search Carbajal's vehicle, and Carbajal consented. In performing the search, Trooper Pinner noticed the rear doors of Carbajal's vehicle did not open, which caused him additional concern based on his education in narcotics interdiction. In addition, Trooper Pinner deployed a drug dog named "Tommy," and he testified that Tommy indicated by his behavior that drugs were present. A video captured by a camera mounted on Trooper Pinner's patrol vehicle shows Tommy jump up on Carbajal's vehicle—behavior that Trooper Pinner identified as a profound alert to the presence of narcotics. Additional law enforcement officers arrived with a scope to observe the interior of Carbajal's vehicle's gas tank. Using the scope, Trooper Pinner thought he saw tape-wrapped bundles that he believed to be drugs inside the gas tank.

Trooper Pinner then asked Carbajal if they could take his vehicle to a shop to remove the gas tank, but Carbajal refused to grant consent. Nevertheless, Trooper Pinner brought Carbajal's vehicle to a wrecker yard because he believed he had probable cause to search the vehicle further. Upon raising the vehicle on a lift, Trooper Pinner saw a compartment underneath the vehicle and discovered that it contained packages of cocaine.

On appeal, Carbajal asserts two arguments for suppression of the evidence. First, he argues that Trooper Pinner was not justified in performing the traffic stop. Second, he argues that the drug dog's actions did not provide probable cause to search his vehicle. Carbajal did not raise his first argument before the district court, and, rather than deeming his argument waived, we assume without deciding that he is entitled to review for plain error. *See United States v. Cardenas-Celestino*, 510 F.3d 830, 833 (8th Cir. 2008).

Carbajal asserts that the evidence of the circumstances of the traffic stop is too vague to justify Trooper Pinner's traffic stop for following too closely. *See* Ark. Code Ann. § 27-51-305(a) (2011) (prohibiting following "another vehicle more closely than is reasonable and prudent, having due regard for the speed of vehicles and the traffic upon and the condition of the highway"). In particular, Carbajal notes that Trooper Pinner conceded that he was not certain about the speed of Carbajal's vehicle. Of course, if Carbajal had raised this theory in the district court, the Government could have further developed the record. In any event, "a traffic stop is reasonable if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred." *United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006). Nothing about Trooper Pinner's testimony gives us reason to believe that relying on his testimony that Carbajal was too close to the vehicle in front of him when he trailed it by only about one or two car lengths constitutes a "clear or obvious" error. *See United States v. Poitra*, 648 F.3d 884, 887 (8th Cir. 2011). Given the facts in this case, the district court did not plainly err by failing to find *sua sponte* that Trooper Pinner did not have reasonable suspicion to stop Carbajal. *See United States v. Quam*, 367 F.3d 1006, 1008 (8th Cir. 2004) (setting forth the standard for plain-error review).

Regarding Carbajal's contention that Trooper Pinner did not have probable cause to continue the search at the wrecker shop, we review "the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v.*

*Garcia*, 646 F.3d 1061, 1068 (8th Cir. 2011). If "law enforcement officials have probable cause, they may search an automobile without a warrant under the automobile exception." *United States v. Mayo*, 627 F.3d 709, 713 (8th Cir. 2010) (quoting *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000) (per curiam)). A determination that probable cause exists involves a "commonsense, practical question," *United States v. Donnelly*, 475 F.3d 946, 954 (8th Cir. 2007) (quoting *Illinois v. Gates*, 462 U.S. 213, 230 (1983)), which we review *de novo*, *United States v. Harris*, 617 F.3d 977, 978 (8th Cir. 2010). Probable cause does not require "evidence demonstrating that it is more likely than not that the suspect committed a crime." *Donnelly*, 475 F.3d at 954 (quoting *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001)). Rather, probable cause exists "when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Mayo*, 627 F.3d at 713 (quoting *Fladten*, 230 F.3d at 1085).

Carbajal's challenge to the district court's probable cause determination focuses on Tommy, the drug dog. Although the "alert or indication by a properly trained and reliable drug dog" is itself sufficient to provide probable cause for the search of a vehicle, our inquiry is not so limited. *United States v. Winters*, 600 F.3d 963, 967-68 (8th Cir.), *cert. denied*, 562 U.S. ---, 131 S. Ct. 255 (2010). Regardless of whether Tommy's actions were sufficient to establish probable cause standing alone, we consider the totality of the circumstances, including Trooper Pinner's observations, and conclude that Trooper Pinner had probable cause to believe he would find contraband in Carbajal's vehicle.

Aside from seeing Tommy's profound alert, Trooper Pinner made other observations relevant to whether he had probable cause to search Carbajal's vehicle. In addition to believing that he saw packages of drugs in the gas tank while using the

scope,[2] Trooper Pinner noted that Carbajal was very nervous, did not appear to have enough luggage for the trip he claimed to be taking, only had one month of automobile insurance, and had no other keys attached to his ignition key. Also, Carbajal's vehicle smelled of gasoline and contained multiple air fresheners, and its rear doors did not open. These facts, coupled with Tommy's alert, provided more than sufficient grounds for a reasonable person to believe there was "a fair probability that contraband or evidence of a crime" would be found in Carbajal's vehicle. *See Mayo*, 627 F.3d at 713-14.

Despite Carbajal's arguments that we cannot find probable cause based on Tommy's behavior, we conclude that the use of Tommy's alert as part of the probable cause calculus is appropriate. Carbajal argues that Tommy is not reliable and points to past instances where Tommy alerted and no drugs were discovered and situations where Tommy failed to alert and drugs were discovered. Although Tommy passed an annual recertification process for "police scenting dog[s]" only one day prior to alerting to the presence of drugs in Carbajal's vehicle and "[a] drug detection dog is considered reliable when it has been 'trained and certified to detect drugs,'" evidence detracting from the reliability of the dog is relevant to a determination of the dog's "credibility," which we review for clear error. *Winters*, 600 F.3d 963, 967 (quoting *United States v. Olivera-Mendez*, 484 F.3d 505, 512 (8th Cir. 2007)). However, even the alerts of drug dogs with less-than-perfect track records can be considered in determining whether probable cause exists. *See Donnelly*, 475 F.3d at 955 (holding

---

[2]Trooper Pinner ultimately did not find drugs in the gas tank. However, in the absence of evidence in the record (or any argument by Carbajal, for that matter) suggesting that Trooper Pinner's belief was unreasonable, we conclude that his mistaken belief was objectively reasonable. Therefore, his belief is properly considered in determining whether probable cause existed to search Carbajal's vehicle. *See United States v. Payne*, 534 F.3d 948, 951 (8th Cir. 2008) (holding that an officer's stop of a vehicle was supported by probable cause where it was illegal to drive a vehicle without a front license plate and the officer's mistaken belief that the vehicle did not have a front license plate was objectively reasonable).

that probable cause existed to search a vehicle after considering the totality of circumstances, including the indication of a drug dog with a "spotty" record of accuracy).

Regarding Carbajal's argument that Tommy's alleged drug alert was not observable to anyone other than trained dog handlers, we note that Tommy's action of jumping onto the side of Carbajal's vehicle was readily observable, and Trooper Pinner identified this behavior as a profound alert to the presence of drugs. Moreover, Tommy's inability to locate the precise area of the vehicle that contained drugs does not detract from his alert to the presence of drugs in the vehicle. Additionally, the district court did not clearly err by relying in part on Tommy's alert despite Carbajal's suggestion, based on the testimony of his expert, Steven Nicely, that Trooper Pinner may have subconsciously cued Tommy to alert. *See Garcia*, 646 F.3d at 1068 (standard of review); *see also United States v. Olivares-Rodriguez*, 415 F. App'x 734, 735 (8th Cir. 2011) (unpublished per curiam) (stating that "[w]e are unpersuaded" by the defendant's contention—which relied on Nicely's testimony—that the drug dog was responding to cues by its handler). Therefore, we also consider Tommy's alert in assessing probable cause under the totality of the circumstances. We conclude that the district court did not err in holding that Trooper Pinner had probable cause to search Carbajal's vehicle.

We affirm the denial of Carbajal's motion to suppress evidence.

_____