# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3713

_____

United States of America,       *
      *
         Appellee,       *
      *  Appeal from the United States
         v.       *  District Court for the
      *  Western District of Missouri.
David Mark Cave,       *
      *
         Appellant.       *

_____

Submitted: June 10, 2002

Filed: June 17, 2002

_____

Before RILEY, BEAM, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

David Mark Cave (Cave) was indicted for possession with intent to distribute cocaine base and of being a felon in possession of a firearm. Cave pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Cave appeals his sentence relating to the district court's[1] enhancement for the possession of a weapon under United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(b)(1). We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

## I.    BACKGROUND

Cave and the government stipulated to the following facts in the plea agreement:

> At approximately 5:45 p.m. on May 21, 2000, officers . . . executed a narcotics search warrant at a trailer. . . .  During their search, officers recovered numerous drug-related items, including scales and a plastic bag containing numerous plastic bags containing cocaine base ("crack") weighing 19.05 grams.  Officers also recovered [and] seized a total of nineteen (19) firearms, including eleven (11) long guns and eight (8) pistols or revolvers. . . .  The Defendant was advised of his Miranda rights, and stated he understood his rights.  When asked about the cocaine base and guns found in the trailer, the Defendant admitted they all belonged to him. . . . The Defendant stated that he . . . sold "crack" cocaine as a source of income.  The Defendant again took responsibility for all of the guns and drugs found in the trailer, and showed officers the exact locations where the cocaine base and the guns had been located inside the trailer.  When stopped, the Defendant had $624 in United States currency on his person.

At sentencing the following additional facts were elicited.  During the execution of a search warrant at Cave's trailer, an officer found crack cocaine in the second drawer of a dresser in the west bedroom.  Three or four feet away the officers found two long guns in the closet area.  The long guns were not loaded, and it is not known whether they were operable.  Additionally, the nineteen weapons, a combination of handguns and long guns, were found in a closet near the front of the trailer.  In the east bedroom, the officers found some marijuana and a .25 caliber Beretta handgun.  An officer testified that Cave's sister, Carolyn, stated the Beretta belonged to Cave.  After the search had begun, Cave was observed driving past the residence and an officer brought Cave back to the trailer residence.  There were four people living at the trailer and sharing expenses.  Carolyn lived in the east bedroom.  Cave's brother, Robert, occupied the west bedroom.

Cave objected to the recommendation contained in the Presentence Investigation Report that Cave should receive a two-level increase under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the commission of a drug crime. After a hearing, the district court overruled the objection and applied the two-level increase. The district court sentenced Cave to 84 months imprisonment and four years supervised release.

## II.    DISCUSSION

Cave argues the two-level increase was improper for two reasons. First, Cave argues the facts clearly show it is improbable the guns were connected with the offense. Cave contends there is no evidence that he possessed both a weapon and the cocaine base simultaneously. Second, Cave argues a gun possession charge was dismissed as part of the plea agreement, therefore such conduct should not be used to enhance his offense level.

We review the district court's factual determinations leading to the application of a sentence enhancement for clear error and its legal conclusions de novo. United States v. Fladten, 230 F.3d 1083, 1085-86 (8th Cir. 2000). A district court may assess "a two-level sentence enhancement if it finds, by a preponderance of the evidence, that the defendant possessed or used a weapon during the commission of an offense." Id. at 1086; see U.S.S.G. § 2D1.1(b)(1). Application note 3 to § 2D1.1 states, in part:

> The adjustment [for weapon possession] should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

We have held "[t]he government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense." Fladten, 230 F.3d at 1086. In fact, "[e]vidence that the weapon was found in the same

3

location as drugs or drug paraphernalia usually suffices." Id. In Fladten, the district court found the defendant transported a .22 caliber weapon to the house along with drugs and drug paraphernalia. These findings sufficiently supported the necessary temporal and spacial connections between the drug offenses and the weapon. Id.; see also United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996); United States v. Hiveley, 61 F.3d 1358, 1362-63 (8th Cir. 1995).

In this case, after receiving his Miranda rights, Cave admitted to officers, and later stipulated in a statement of facts, that the cocaine base and the weapons found in the trailer were his. Additionally, Cave's sister told officers the Beretta found in her room was given to her by Cave and was his. Cave stipulated that the drugs and weapons were in close proximity to one another. Cave admitted responsibility for all of the items. Based upon these facts, we hold the district court did not err in finding it was not clearly improbable that the guns were connected to the narcotics.

Cave also argues the district court erred in assessing the two-level enhancement under § 2D1.1(b)(1) because the conduct relied upon for the enhancement was also the basis of a dismissed count of the indictment. However, the fact that the government dismissed a count in the indictment for felon in possession of a weapon does not preclude application of a two-level enhancement under § 2D1.1(b)(1). The Sentencing Guidelines provide:

> However, a plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted.

U.S.S.G. § 6B1.2(a).

4

Here, the weapon charge was dismissed as part of a plea agreement. However, the government did not agree to exclude a § 2D1.1(b)(1) enhancement. For purposes of sentencing, a court is obligated to consider conduct from dismissed counts of the indictment and from unindicted conduct. United States v. Griggs, 71 F.3d 276, 281 (8th Cir. 1995) (declaring district court must consider all relevant conduct in determining sentence "whether uncharged, charged, or charged and dismissed"). See also United States v. Prendergast, 979 F.2d 1289, 1291 (8th Cir. 1992).

## III.  CONCLUSION

For these reasons, we affirm, holding the district court did not clearly err when it gave Cave a two-level sentence enhancement for possessing a weapon during the commission of his drug offenses.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.