# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1742

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Audra D. Gettler, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2002

Filed: September 19, 2002

_____

Before BOWMAN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Audra D. Gettler received food stamps from 1998 through 2000. During this time, she worked at her brother's dry cleaning business for about 20-30 hours each week. Instead of paying Gettler cash wages, Gettler's brother let Gettler and her child live in a house he owned without requiring Gettler to pay rent or utilities, and he also subsidized Gettler's childcare and personal expenses. Gettler's federal income taxes for 1998, 1999, and 2000 (prepared by her brother's accountant) listed the annual value of the housing and other expenses as income of $7200, in addition to $500-600 of annual income received from her partial ownership in the family corporation.

None of Gettler's eight applications for food stamps listed income; no applications listed Gettler's partial ownership in the family corporation; some applications indicated Gettler's brother provided her food and shelter. Gettler was charged with food stamp fraud in violation of 7 U.S.C. § 2024(b) (2000), and a jury convicted her. The court required Gettler to pay an $100 special assessment, a $2000 fine, $18,450.17 restitution, and it sentenced her to five years probation. Gettler appeals, raising three claims. We affirm in part and reverse in part.

First, Gettler contends her conviction was not supported by sufficient evidence because no reasonable jury could have concluded beyond a reasonable doubt that Gettler knew she was providing false statements about her income on the food stamp applications and intended to do so. See United States v. Miller, 293 F.3d 468, 470 (8th Cir. 2002) (standard of review). We disagree. Even though Gettler informed Missouri Department of Family Service (DFS) officials of her general living arrangements, she did not disclose her fully subsidized housing and living expenses as income, despite declaring the same subsidized expenses as income on her federal income tax returns for the years while she received food stamps. Further, Gettler never disclosed to DFS her interest in, or income received from, the family corporation. For these reasons, and because Gettler holds a bachelors degree in business and performed a variety of bookkeeping tasks for the family businesses while she was receiving food stamp assistance, we conclude a reasonable jury could have found sufficient evidence to convict Gettler of food stamp fraud.

Second, Gettler claims the district court committed error when it refused to give a proposed jury instruction that would have required the government to prove Gettler acted with specific intent to defraud the government. We disagree. Element two of jury instruction 18 required the jury to find "the defendant knowingly omitted information in her applications for food stamp benefits which would have affected the amount of food stamp benefits to which she was lawfully entitled . . . ." In our view,

this instruction is sufficient under <u>Liparota v. United States</u>, in which the Supreme Court held:

> [I]n a prosecution for violation of § 2024(b)(1), the Government must prove that the defendant knew that his acquisition or possession of food stamps was in a manner unauthorized by statute or regulations. . . . [T]he Government need not show that he had knowledge of specific regulations governing food stamp acquisition or possession. . . . Rather, as in any other criminal prosecution requiring *mens rea*, the Government may prove by reference to facts and circumstances surrounding the case that petitioner knew that his conduct was unauthorized or illegal.

<u>Liparota v. United States</u>, 471 U.S. 419, 433-34 (1985). We conclude the district court did not commit error when it declined to issue the jury instruction Gettler requested.

Third, Gettler argues the court committed error when calculating the amount of loss. <u>See</u> <u>United States v. Cave</u>, 293 F.3d 1077, 1079 (8th Cir. 2002) (a district court's factual findings are reviewed for clear error, and its application of the sentencing guidelines to the facts is reviewed de novo). After reviewing the record, it appears the district court did not determine the amount of food stamp benefits to which Gettler was legally entitled. Such a calculation is necessary because Gettler is only liable for the additional food stamps she received because of her fraud, not for the food stamps to which she was otherwise legally entitled. <u>See</u> United States Sentencing Guidelines Manual § 2B1.1 cmt. n.2(F)(ii) (2001). A DFS official estimated the value of excessive food stamps received by Gettler to be $7,172.00. We thus remand Gettler's case to the district court on this issue alone, instructing the district court to make further findings about the amount of loss caused by Gettler's fraud and to assess Gettler's penalty in light of the further detailed findings.

Gettler's conviction is affirmed, and the case is remanded to the district court for resentencing proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.