# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1930

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Gerson Nungaray-Beltran, also known | * | |
| as La Grande, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: February 28, 2003
Filed:  March 11, 2003

_____

Before BOWMAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

After Gerson Nungaray-Beltran (Nungaray-Beltran) pled guilty to conspiring to distribute and possess with intent to distribute more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846, the district court[1] sentenced him to 145 months imprisonment and 5 years supervised release.  On appeal, counsel moved to withdraw and filed a brief under Anders v.

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

California, 386 U.S. 738 (1967). Nungaray-Beltran filed a pro se supplemental brief arguing the district court erred in applying a firearm enhancement and in denying him safety-valve relief. He also argues: (1) the government failed to prove whether the drugs underlying his offense were l- or d-methamphetamine, or whether they were methamphetamine at all; (2) the Attorney General improperly reclassified methamphetamine in powder form from a Schedule III to a Schedule II controlled substance; and (3) counsel was ineffective at sentencing. After careful review of the record, we affirm.

We reject Nungaray-Beltran's arguments for reversal. The firearm enhancement was proper, as firearms were found with drug-packaging materials both at Nungaray-Beltran's residence and at his rental house. See U.S.S.G. § 2D1.1, cmt. n.3; United States v. Cave, 293 F.3d 1077, 1079 (8th Cir. 2002) (standard of review); United States v. Jones, 195 F.3d 379, 383-84 (8th Cir. 1999). As a result, safety-valve relief was preempted. See U.S.S.G. § 5C1.2(a)(2).

Further, section 841(b) does not differentiate between l- and d-methamphetamine, see United States v. Maza, 93 F.3d 1390, 1400 n.4 (8th Cir. 1996), cert. denied, 117 S. Ct. 1008 (1997); Nungaray-Beltran acknowledged in his plea agreement he was pleading guilty to a charge involving 500 grams or more of "methamphetamine"; and laboratory reports introduced at sentencing reflected the substance in question was methamphetamine, see United States v. Hyatt, 207 F.3d 1036, 1037-38 (8th Cir. 2000). Finally, Congress has given the Attorney General authority to transfer drugs from one schedule to another regardless of the drug's initial placement, see 21 U.S.C. §§ 811(a)(1) and 812(c), and the ineffective-assistance claim is not properly before us, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.