# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2191

———————

United States of America,       *
      *
      Appellee,       *
      *     Appeal from the United States
      v.       *     District Court for the
      *     District of Minnesota.

Jesus Contreras Arellano, also known       *
as Fabian Rodolpho Noreaga, Jr.,       *     [UNPUBLISHED]
      *
      Appellant.       *

———————

Submitted: September 6, 2005
Filed: September 8, 2005

———————

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Jesus Contreras Arellano unconditionally pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and the district court[1] sentenced him to 135 months in prison and 5 years supervised release. On appeal, counsel briefed the case under Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Arellano was granted leave to file a pro se supplemental brief, but he did

———————

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

not do so. We address below the two arguments made by counsel, and we affirm Arellano's conviction and sentence.

First, we conclude that the district court did not clearly err in finding it was not clearly improbable that Arellano possessed one or more firearms in connection with the methamphetamine conspiracy, making him ineligible for a sentence below the statutory minimum under the safety-valve provision and requiring an enhancement to his base offense level under U.S.S.G. § 2D1.1(b)(1). See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (clear-improbability standard for enhancement); United States v. Moore, 184 F.3d 790, 794-95 (8th Cir. 1999) (applying § 2D1.1(b)(1)'s clear-improbability standard when evaluating safety-valve eligibility; clear-error standard of review), cert. denied, 528 U.S. 1161 (2000). In the apartment Arellano shared with a codefendant, at least one loaded firearm was readily accessible to Arellano for at least two days during the conspiracy period, see United States v. Savage, 414 F.3d 964, 967 (8th Cir. 2005) (district court did not clearly err where firearm was readily accessible to defendant and would be available to him in case of dispute during drug transaction), and that firearm was located in the same unlocked cabinet as methamphetamine, see United States v. Cave, 293 F.3d 1077, 1079 (8th Cir. 2002) (evidence that weapon was found in same location as drugs or drug paraphernalia usually suffices).

Second, although the district court committed a Sixth Amendment violation by applying the section 2D1.1(b)(1) enhancement in a mandatory Guidelines regime based on judge-found facts, we conclude that Arellano is not entitled to relief for this unobjected-to error under the third prong of the plain-error test we adopted in United States v. Pirani, 406 F.3d 543, 550-53 (8th Cir. 2005) (en banc), petition for cert. filed, __ U.S.L.W. __ (U.S. July 27, 2005) (No. 05-5547). We have scrutinized the district court's comments at sentencing, and Arellano cannot show a reasonable probability that he would receive a more favorable sentence under advisory Guidelines. See United States v. Wunder, 414 F.3d 1019, 1023 (8th Cir. 2005).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____