# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3439

———————

United States of America,

        Appellee,

v.

Keith Major Shearin,

        Appellant.

\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    [UNPUBLISHED]
\*
\*

———————

Submitted: October 31, 2005
Filed:  December 9, 2005

———————

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

Keith Shearin pleaded guilty, without a written plea agreement, to two counts of possession of pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2); two counts of manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Over Shearin's objection under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the district court[1] applied a 2-level enhancement for possessing a firearm in

———————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

connection with the offenses, under U.S.S.G. § 2D1.1(b)(1), and after denying safety-valve relief under U.S.S.G. § 5C1.2, sentenced Shearin to 120 months in prison and 5 years supervised release--the statutory minimum under 21 U.S.C. § 841(b)(1)(A). The court also pronounced an alternative discretionary sentence of 120 months to be imposed if the Guidelines were found unconstitutional. On appeal, Shearin argues that (1) the district court violated his Sixth Amendment rights by applying the firearm-possession enhancement based on facts that were neither admitted by him nor proved to a jury, and erred in sentencing him under an unconstitutional sentencing scheme, and (2) the district court erred in denying safety-valve relief and in placing the burden of proof on Shearin to show entitlement to the relief. We affirm.

The district court did not clearly err in finding that Shearin possessed one or more firearms in connection with his drug offenses, making him ineligible for a sentence below the statutory minimum under the safety-valve provision. *See* U.S.S.G. §§ 5C1.2(a)(2), 2D1.1(b)(1) & comment. (n.3) (clear-improbability standard for enhancement); *United States v. Moore*, 184 F.3d 790, 794-95 (8th Cir. 1999) (applying § 2D1.1(b)(1)'s clear-improbability standard when evaluating safety-valve eligibility; clear-error standard of review), *cert. denied*, 528 U.S. 1161 (2000). A search of Shearin's residence revealed items associated with the production of methamphetamine in the garage, and a firearm in a safe in Shearin's bedroom, *see United States v. Savage*, 414 F.3d 964, 967 (8th Cir. 2005) (district court did not clearly err where firearm was readily accessible to defendant and would be available to him in case of dispute during drug transaction); and during a subsequent search, a firearm and methamphetamine paraphernalia were found in a duffle bag in Shearin's vehicle, which was parked in his garage, *see United States v. Cave*, 293 F.3d 1077, 1079 (8th Cir. 2002) (evidence that weapon was found in same location as drugs or drug paraphernalia usually suffices).

Also, Shearin cannot challenge his sentence under *Blakely* or *United States v. Booker*, 125 S. Ct. 738 (2005), as he was sentenced to the statutory mandatory

minimum sentence based on his stipulation to a drug quantity. *See United States v. Rojas-Coria*, 401 F.3d 871, 874 n.4 (8th Cir. 2005) *(Booker* has no impact on case where sentence was based on statutory mandatory minimum).

Accordingly, we affirm.

_____