# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2887

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　*　Southern District of Iowa.
Chad Douglas Parker,　　　　　 *
　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　Appellant.　　　　　　*

_____

Submitted: November 23, 2007
Filed:  December 3, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Chad Douglas Parker pleaded guilty to conspiracy to distribute more than 50 grams of methamphetamine, and more than 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced him to 340 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw, filing a brief under Anders v. California, 386 U.S. 738 (1967). For the following reasons, we affirm, and we grant counsel leave to withdraw.

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

Counsel argues that the district court erred in enhancing Parker's sentence under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon, and under U.S.S.G. § 3B1.1(a) for playing an aggravating role in the offense. Reviewing de novo the district court's application of the Guidelines and for clear error its factual findings, see United States v. Rodriguez, 484 F.3d 1006, 1014 (8th Cir.), cert. denied, 128 S. Ct. 316 (2007), we conclude that the court did not err in applying either enhancement. As to the dangerous-weapon enhancement, items used in manufacturing methamphetamine were found in Parker's residence along with loaded firearms, see United States v. Cave, 293 F.3d 1077, 1079 (8th Cir. 2002) (evidence that weapon was found in same location as drugs or drug paraphernalia usually suffices); United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996) (constructive possession of firearm is sufficient); and as to the aggravating-role enhancement, the record reveals ample undisputed facts that more than five persons were involved in the conspiracy, and that Parker exercised decision-making authority over the manufacture of the methamphetamine and some of the participants, see U.S.S.G. § 3B1.1, comment. (n.4) (factors); United States v. Coleman, 148 F.3d 897, 902-03 (8th Cir. 1998) (evidence sufficient to support leadership enhancement based on defendant's decision-making authority over procurement of equipment, supplies, and chemical ingredients in methamphetamine-manufacturing conspiracy).

Parker must pursue any ineffective-assistance claims in a proceeding under 28 U.S.C. § 2255. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____