# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1422

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Gary O. Fladten, | * | |
| | * | [PUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: September 12, 2000

Filed: October 24, 2000

_____

Before WOLLMAN, Chief Judge, LAY and BRIGHT, Circuit Judges.

_____

PER CURIAM.

Gary Fladten was charged with attempting to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). He pled guilty, but reserved his right to appeal on the ground that the district court[1] erroneously failed to suppress evidence gained from a warrantless search of an automobile. Fladten also appeals his

_____

[1]The late Honorable D. Brook Bartlett, United States Chief District Court Judge, issued the order denying Fladten's motion to suppress evidence. The Honorable Ortrie D. Smith, United States District Court Judge, sentenced Fladten.

sentence relating to the district court's two-level enhancement for the possession of a weapon. We affirm the district court's ruling on both issues.

## I.

On November 12, 1996, responding to neighborhood complaints, agents of the Drug Enforcement Agency and the Kansas City Police Department (collectively referred to as "DEA agents") began surveillance of 6105 East 56th St. in Kansas City, Missouri. That evening, DEA agents saw a man drive a grey Buick into the driveway, get out, and enter the house. Later, DEA agents saw Kenneth McMullin (Fladten's co-defendant) leave the residence in a pickup truck. McMullin had outstanding arrest warrants, so a uniformed officer pulled him over and found a partial methamphetamine laboratory inside the vehicle. When questioned, McMullin told the DEA agents that an individual named "Gary" was at the house in possession of two or three ounces of methamphetamine.

Based upon this evidence, DEA agents obtained a search warrant for the house. Upon entering, the agents secured Fladten and the other occupants of the house. A DEA agent emptied the contents of Fladten's pockets (including the keys to the automobile in question) upon a nearby table. During a search of the house, agents found items consistent with the manufacture methamphetamine, several rifles, and a .22 caliber pistol.

While Detective John Stewart was photographing the exterior of the house, he peered inside the window of the grey Buick parked in the driveway. In the back seat he saw a reflux condenser glass tube, an item he knew often was used in the manufacture of methamphetamine. Stewart informed Detective James Shey of his discovery, and after consulting with Sergeant Randy Hopkins, they asked the occupants

of the house who owned the automobile. Everyone, including Fladten, denied ownership.[2]

The agents decided to search the automobile, first recovering the condenser tube from the unlocked back seat. Then, using the keys recovered from Fladten's pocket, the agents opened the trunk of the automobile and found glass jars containing methamphetamine.

Before trial, Fladten moved to have the evidence from the automobile suppressed because the agents never obtained a warrant. The district court allowed the evidence from the search, holding that Fladten abandoned the automobile. Fladten pled guilty to the methamphetamine charges, reserving his right to appeal the district court's decision that the search was valid, as well as any sentencing guideline enhancements imposed by the court.

At sentencing, the district court determined that the .22 caliber pistol in the kitchen was Fladten's, and gave him a two-level sentence enhancement pursuant to U.S.S.G. § 2D1.1. The court based its finding on the testimony of co-defendants McMullin and Reagan Brown, both of whom said that Fladten brought the handgun to the house. Fladten denied ownership of the gun.

On appeal, Fladten argues that the district court should have excluded the evidence gained from the warrantless search of the automobile. The government responds that the search was valid either because Fladten abandoned the automobile or that the search was within the automobile exception to the warrant requirement.

---

[2]Fladten testified that when Detective Shey asked him if the automobile was his, he replied "No, but I know whose it is." The district court found his testimony was not credible.

**II.**

*A. Automobile Exception[3]*

We review a district court's finding of fact for clear error. See United States v. Martinez, 78 F.3d 399, 401 (8th Cir. 1996). The district court's legal conclusions are reviewed de novo. Id.

As long as the law enforcement officials have probable cause, they may search an automobile without a warrant under the automobile exception. See Pennsylvania v. Labron, 518 U.S. 938, 940 (1996); Martinez, 78 F.3d at 401. Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

In the present case, the automobile was parked in the driveway of a house where agents had found evidence of drug-related activity. An item commonly used in the manufacture of methamphetamine was in plain view in the back seat of the automobile. This was viewed by Detective Stewart through the automobile window. These facts provided a substantial basis for the conclusion that further contraband or evidence may have been in the other parts of the automobile. Since the agents had probable cause,

---

[3]Due to our disposition of this issue, we have no need to review whether Fladten had abandoned the vehicle.

the automobile exception[4] allowed them to search the trunk of the automobile and seize the contraband found there.

*B. Sentencing Enhancement*

A district court's factual determination that leads to the application of a sentence enhancement is reviewed for clear error. See United States v. McCracken, 110 F.3d 535, 542 (8th Cir. 1997). A district court can give a two-level sentence enhancement if it finds, by a preponderance of the evidence, that the defendant possessed or used a weapon during the commission of an offense. See U.S.S.G. §2D1.1(b)(1). The government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense. See United States v. Bost, 968 F.2d 729, 731-72 (8th. Cir. 1992). Evidence that the weapon was found in the same location as drugs or drug paraphernalia usually suffices. Id. at 732 (quoting United States v. Hooten, 942 F.2d 878 (5th Cir. 1991)).

---

[4]As the Supreme Court stated in Labron:

Our first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's "ready mobility," an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear. California v. Carney, 471 U.S. 386, 390-391 (1985) (tracing the history of exception); Carroll v. United States, 267 U.S. 132 (1925). More recent cases provide a further justification: the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulations. Carney, supra, at 391-392. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more.

Pennsylvania v. Labron, 518 U.S. 938, 940 (1995).

The record supports a finding that Fladten possessed the .22 caliber weapon during the commission of his drug crimes. McMullin and Brown testified Fladten brought the gun to the house. Although Fladten denied ownership, witness credibility is an issue for the district court. See United States v. McCarthy, 97 F.3d 1562, 1578 (8th Cir. 1996). Further, as the weapon was found in the house along with drugs and drug paraphernalia, and Fladten drove to the house with the gun, the necessary temporal and spacial connection is satisfied.

For these reasons, we hold the district court did not clearly err when it gave Fladten a two-level sentence enhancement for possessing a weapon during the commission of his drug offences.

We AFFIRM.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.