# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3711

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Terrence Dean Brunt, Jr., | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   May 14, 2002

Filed:   May 20, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Terrence Dean Brunt, Jr. pleaded guilty to possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court[*] then sentenced Brunt to 135 months in prison. Brunt appeals the district court's denial of his motions to suppress evidence and to dismiss the case, contending the vehicle he was driving was unlawfully searched. We affirm the district court.

_____

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendation of the Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

An Omaha, Nebraska police officer initially pulled over the vehicle Brunt was driving because of a traffic violation: the vehicle's tail lights were white rather than red, as required by state law. After asking for Brunt's license (which he did not have) and the vehicle's registration (which was not in the name of any of the vehicle's three occupants), the officer ran a background check on Brunt, questioned Brunt further, and properly arrested Brunt for suspicion of providing false information and driving without a license. A second officer arrived on the scene and, along with the arresting officer, went to ask the two passengers if either had a valid license and could drive the car away. After the second officer smelled marijuana coming from the vehicle, the two officers searched the vehicle and discovered a substantial amount of cocaine base in a small bag sitting in front of the front seat. The officers impounded the vehicle and, during a second search, uncovered a partially burnt marijuana joint and a semi-automatic handgun. (Neither the discovery of the marijuana nor the weapon affected the single-count indictment against Brunt, thus the validity of the second search is not an issue before our court.)

Brunt argues the first search, which occurred nine minutes after his arrest, was impermissible because it unreasonably lengthened the original traffic stop. Although we do not view Brunt's argument favorably, it is not necessary for us to decide the specific question Brunt raises because we conclude the search was permissible under the automobile exception to the warrant requirement. Brunt had given the arresting officer a false name as well as an unusual story about who he was, how he knew the vehicle's other occupants, and where the three of them were going. Combined with the second officer's statement that he smelled marijuana coming from the vehicle, these circumstances gave the officers probable cause to search the vehicle. "[G]iven the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband . . . would be found in" the vehicle Brunt had been driving. United States v. Fladten, 230 F.3d 1083, 1085 (8th Cir. 2000) (per curiam); see also United States v. Neumann, 183 F.3d 753, 756 (8th Cir.) (the smell of burnt

marijuana provides probable cause for an officer to search the entire vehicle for drugs), <u>cert. denied</u>, 528 U.S. 981 (1999).

Because the search in question was constitutionally permissible under the automobile exception to the warrant requirement, we affirm the district court's denial of Brunt's motions to dismiss the case and to suppress the evidence discovered in the search.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.