# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2474

_____

United States of America,             *
*
           Appellee,       *   Appeal from the United States
*   District Court for the District
    v.                  *   of Minnesota.
*
Tomas Rodriguez, Jr.,        *      [UNPUBLISHED]
*
          Appellant.     *

_____

Submitted:  February 10, 2003

Filed:  February 18, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Tomas Rodriguez pleaded guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine. 21 U.S.C. §§ 841(a), 846 (2000). After conducting a sentencing hearing, the district court[*] applied three two-level increases to Rodriguez's offense level and sentenced Rodriguez to 168 months in prison. Rodriguez appeals his sentence.

_____

[*]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Rodriguez contends the district court committed clear error when it relied on statements his co-defendants made, while testifying under their plea agreements, to find Rodriguez possessed a gun during drug trafficking activity and also supervised four different people at multiple stages during the conspiracy. United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000) (standard of review). Because we have no reason to disturb the district court's evaluation of the witnesses' credibility, we conclude the disputed factual findings are free from clear error and the district court properly applied two-level sentencing enhancements based on these factual determinations. U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1) (possession of a gun during drug trafficking activity), 3B1.1(c) (role in the offense).

Rodriguez also argues the district court committed clear error when it found Rodriguez used a minor in the drug conspiracy. Fladten, 230 F.3d at 1086 (standard of review). The minor was present when Rodriguez was arrested while in a storage locker containing guns and drugs, and witnesses testified that Rodriguez used him to deliver drugs and pick up money. (As discussed above, the district court's reliance on this testimony was free from error.) To find this individual was a minor, the district court relied on the testimony of the police officer who booked the minor at a juvenile facility where he was well known. The district court also considered the testimony of one of Rodriguez's co-defendants that this under-age individual told many people he was seventeen years old and Rodriguez had commented that the boy's age could be a problem. We conclude the district court's findings are not clearly erroneous, and thus the district court properly applied a two-level enhancement for Rodriguez's use of a minor in commission of the offense. U.S.S.G. § 3B1.4.

For the reasons stated above, we affirm Rodriguez's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.