# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2022

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Jose Enrique Rodriguez-Medrano, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2004
Filed: December 30, 2004

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jose E. Rodriguez-Medrano pleaded guilty to one count of conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. The district court[1] sentenced Rodriguez-Medrano to eighty-seven months imprisonment, a sentence which reflected a two-level upward enhancement, pursuant to U.S.S.G. § 3B1.4, for use of a minor in the offense. On appeal, Rodriguez-Medrano contends the district court erred in imposing the upward

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

enhancement because his conduct does not meet the definition of "use" for purposes of § 3B1.4.

I

After earlier spotting a man suspiciously watching him from a Super 8 Motel, a deputy county sheriff obtained a drug-sniffing canine to conduct an exterior drug sniff of vehicles located in the motel parking lot. The canine detected the odor of illegal drugs in two vans. The deputy sheriff then applied for and obtained search warrants for the vans. Upon searching the vans, the sheriff's department found approximately 820 pounds of marijuana in a large plastic tote and five large duffel bags. The deputies arrested the three adults in the motel rooms associated with the vans. The three adults were traveling with their five children ranging in age from four to seven years old.

Two of the adults (Saenz and Cortez) cooperated with authorities by giving the name of Rodriguez-Medrano as the name of the leader or organizer of the drug ring. On several occasions, Rodriguez-Medrano paid them to smuggle a vehicle loaded with drugs from Mexico to various locations in the United States. Rodriguez-Medrano suggested they put groceries in the trunks of the vehicles and bring their children along to make them look more like a family, less suspect.

At Rodriguez-Medrano's sentencing, the district court applied a two-level enhancement for use of a minor under § 3B1.4. In support of the enhancement, the district court made the following finding of fact:

> My finding of fact is that the defendant made a request of the codefendants to bring their children. It was ultimately the decision of the codefendants, meaning Saenz and Cortez, to bring the kids. But under this guideline that's sufficient for the enhancement. . . I don't find that he – that it was a condition precedent to Cortez and Saenz's

involvment. He didn't make it contingent on that. He didn't put pressure on them to bring the kids, but he suggested it might help devoid – avoid detection.

Because the district court found he merely requested the codefendants bring their children and it was ultimately the decision of each codefendant to bring their children, Rodriguez-Medrano claims the application of the two-level use of minor enhancement was erroneous. We disagree.

## II

"A district court's factual determination that leads to the application of a sentence enhancement is reviewed for clear error." United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000). We review *de novo* the applicability of a guideline to the facts. United States v. Guy, 349 F.3d 655, 658 (8th Cir. 2003).

Section 3B1.4 provides for a two-level enhancement to a defendant's guideline "if the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." U.S.S.G. § 3B1.4. The phrase "'used or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." Id. at app. n.1. Active involvement of a minor is not required; the focus is on the defendant's acts. United States v.Wingate, 369 F.3d 1028, 1032 (8th Cir. 2004).

Rodriguez-Medrano claims his request is comparable to mere awareness of a minor's involvement, which does not constitute "use" for purposes of the enhancement. United States v. Butler, 207 F.3d 839, 847 (6th Cir. 2000) (finding § 3B1.4 requires more than mere awareness of a minor's involvement, it requires an affirmative act on the part of the defendant). However, contrary to Rodriguez-Medrano's claim, his conduct involved more than mere awareness of a minor's

involvement. Rodriguez-Medrano took the affirmative step of requesting that his subordinate codefendants bring their children to make them appear less suspicious. In essence, by requesting his subordinates bring their children, Rodriguez-Medrano encouraged them to use their children as props in a scheme to avoid detection. The subordinates testified they took his request very seriously. Even though the decision to bring their children was up to each individual defendant, without Rodriguez-Medrano's request it was unlikely his subordinates would have endangered their children by bringing them on drug smuggling missions. Thus, § 3B1.4 unambiguously applies to Rodriguez-Medrano's conduct described herein.

## III

We affirm the judgment of the district court.

_____