# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2174

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Robert L. Woods, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 14, 2011
Filed: April 21, 2011

_____

Before WOLLMAN, LOKEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Robert L. Woods appeals from his 130-month sentence for distributing cocaine base (crack cocaine), arguing that the district court[1] imposed an unreasonable sentence. We affirm.

Woods pleaded guilty to two counts of distributing five grams or more of crack cocaine, in violation of 21 U.S.C. § 841. Although he was eligible for a ten-year mandatory minimum sentence, the government agreed to refrain from filing a notice

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

of enhancement in exchange for Woods's agreement to seek a sentence of no less than 100 months' imprisonment. See § 841(b)(1)(B) (mandatory minimum sentence); § 851(a)(1) (notice of enhancement). Woods had a total offense level of 27, a criminal history category of VI, and an advisory U.S. Sentencing Guidelines (guidelines) range of 130 to 162 months' imprisonment.

The presentence investigation report set forth Woods's personal and criminal history. Woods had a troubled childhood. His mother neglected and abused him, and he was placed in his aunt's custody. Thereafter, Woods amassed a lengthy criminal record. In the 1990s, he committed two felony crack cocaine offenses, one for delivery and one for possession. He was sentenced to seven years' imprisonment for the possession offense. Following his release from prison, he violated parole and had his parole revoked, committed misdemeanor drug offenses, repeatedly drove without a license and while intoxicated, and failed to pay child support.

In his sentencing memorandum and at sentencing, Woods requested a 100-month sentence. He asked the district court to exercise its discretion and impose a below guidelines range sentence based on the crack/powder cocaine sentencing disparity. See Kimbrough v. United States, 552 U.S. 85, 109-10 (2007). Woods also asked the court to consider his personal circumstances, including his disadvantaged childhood, his poverty, and his chemical dependency problems.

After hearing argument and addressing Woods's criminal history and relevant conduct, the district court declined to vary downward from the advisory guidelines sentencing range. Alluding to the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Woods to 130 months' imprisonment, stating that a sentence within the guidelines range "would achieve the goals of punishment, deterrence, and incapacitation; and that a sentence in that range would not be greater than to achieve those goals." Following Woods's objection that the district court had

failed to explain its reasons for declining to reduce his sentence based on the crack/powder cocaine sentencing disparity, the district court responded:

> And as far as the disparity between crack cocaine and power cocaine, I agree that there should not be any difference between the way that these two drugs are treated. And I understand that if this offense had involved powder cocaine, Mr. Woods would have been looking at a guideline range of . . . 37 to 46 months.
>
> . . .
>
> As I pointed out before, Mr. Woods was sentenced [to] a term of imprisonment of seven years for possession of a controlled substance in Missouri. That controlled substance being cocaine base. He served some portion of that sentence before being paroled. His parole was then revoked. And part of the reasons his parole was revoked was because he was arrested for committing some additional crimes.
>
> And certainly once he completed his parole, he continued to commit new crimes. Now mostly these were misdemeanor offenses until we get to this crime, which involved two felony offenses. So my point was that, even though he had spent -- received a seven-year sentence that had no effect on him. That didn't change his behavior one bit.
>
> So regardless of whether crack was involved in this case or powder cocaine was involved in this case, I continue to believe that a sentence of 130 months is an appropriate sentence, if nothing else, and because sentences of shorter terms of imprisonment haven't affected his behavior.

Woods contends that his guidelines range sentence is unreasonable because the district court rejected the guidelines' disparate treatment of crack cocaine and powder cocaine offenses yet imposed a sentence consistent with the crack cocaine guidelines. He argues that the district court relied upon what Woods characterizes as the clearly erroneous finding that a 130-month sentence would have a greater deterrent effect

than a 100-month sentence. Woods also argues that the district court placed excessive importance on punishment and deterrence in weighing the § 3553(a) sentencing factors. We review the reasonableness of a defendant's sentence under a "deferential abuse-of-discretion standard," ensuring that the district court committed no significant procedural error and that the sentence is substantively reasonable. Gall v. United States, 552 U.S. 38, 41, 51 (2007).

The district court committed no procedural error in sentencing Woods. It recognized that Woods's advisory guidelines range would have been 37 to 46 months' imprisonment had Woods been dealing in powder cocaine. Although it stated that "there should not be any difference between the way these two drugs are treated," the district court went on to explain that a 130-month sentence was appropriate regardless of whether the offense involved crack or powder cocaine. It acknowledged that it had considered Woods's personal history and a letter from his aunt, but it found that Woods's lengthy criminal history was serious and showed a disrespect for the law. After considering the factors set forth in § 3553(a), the district court ultimately concluded that the 130-month sentence was appropriate to achieve the sentencing goals of punishment and deterrence.

The district court's determination that a 130-month sentence was necessary to deter Woods from committing future crimes was based upon its evaluation of Woods's previously demonstrated unwillingness to conform his conduct to that required by law. Woods cites in his brief articles and studies in support of his argument that longer periods of incarceration do not diminish rates of recidivism. Had they been cited to it, the district court would have been within its discretion to consider those studies, although not required to accept them. See United States v. Bolden, 596 F.3d 976, 985 (8th Cir. 2010) (concluding that the district court's consideration and rejection of a sentencing study "was not an abuse of discretion because the district court was not required to accept the study's findings"). The district court's duty was to sentence Woods, the individual defendant, after

considering his history and characteristics. <u>See</u> § 3553(a)(1). As the Supreme Court recently reiterated, "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Pepper v. United States</u>, 131 S. Ct. 1229, 1239-40 (2011) (quoting <u>Koon v. United States</u>, 518 U.S. 81, 113 (1996)).

Woods has not shown that his sentence is substantively unreasonable. Although he contends that the district court placed too much emphasis on the factors of deterrence and punishment, we cannot say that the district court "commit[ted] a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." <u>United States v. San-Miguel</u>, 634 F.3d 471, 475 (8th Cir. 2011) (quoting <u>United States v. Jones</u>, 509 F.3d 911, 913 (8th Cir. 2007)); <u>see also</u> <u>Gall</u>, 552 U.S. at 59 (noting that the range of choice dictated by the facts of a case was significantly broadened after the guidelines became advisory). The district court considered counsel's arguments for a 100-month sentence, the information in the PSR and the sentencing memorandum, and Woods's criminal history, before concluding that a 100-month sentence would not be adequate to achieve the statutory sentencing goals. We find no abuse of discretion in that ruling and conclude that the sentence imposed is not unreasonable.

The sentence is affirmed.

_____