# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2266

_____

United States of America

*Plaintiff - Appellee*

v.

Lamar A. Francis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: January 14, 2013
Filed: February 8, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lamar A. Francis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 72 months'

imprisonment. Francis challenges his sentence, arguing that the district court[1] committed procedural error. We affirm.

In late 2010, Francis lived with his girlfriend, Tara Bennett, in St. Joseph, Missouri. Bennett owned a gun, which Francis had taken from her without her permission. On December 8, 2010, Bennett attempted to reclaim the gun. A physical altercation ensued, with Francis overcoming Bennett. According to Bennett, Francis held the gun to her head and she felt threatened. Francis left that night and returned the next night. He became angry with Bennett, and they argued. Bennett testified that Francis said, "Do you think that I won't shoot you? Do you think I won't kill you?" Bennett was able to send a text message to a friend, who called the police.

Officer Rebecca Bradley and her partner responded to the call. With Bennett's permission, the officers entered the home and found Francis in the living room, carrying a laundry basket of his belongings. Francis indicated that he had a gun in his right front pocket. Bradley secured the handgun and took Francis into custody. In a written statement, Francis claimed that he had found the gun when he was packing his things on the evening of December 9, 2010.

Francis entered into a plea agreement and pleaded guilty to being a felon in possession of a firearm. The district court found that Francis's total offense level was 15 and that his criminal history category was VI, resulting in a sentencing range of 41 to 51 months' imprisonment under the United States Sentencing Guidelines (Guidelines).

In his sentencing memorandum, Francis argued that a sentence at the low end of the advisory Guidelines range would be "sufficient, but not greater than necessary"

___

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

-2-

to achieve the goals of sentencing. See 18 U.S.C. § 3553(a). Francis alleged that he began carrying the firearm for protection, after he was shot in a drive-by shooting in September 2010. He argued that his offense conduct was thus mitigated because he had been coerced or under duress to possess a firearm. See Guidelines § 5K2.12 (Coercion and Duress).

The district court found that the Guidelines did not adequately address Francis's criminal record, which included seventeen felonies and numerous misdemeanors, nor did it adequately address the likelihood that Francis would commit other crimes. The district court thus departed upwards. See Guidelines § 4A1.3 (Departures Based on Inadequacy of Criminal History Category). Alternatively, the district court found that a variance would be appropriate. As set forth above, the district court sentenced Francis to 72 months' imprisonment.

In reviewing a defendant's challenge to his sentence, we "must first ensure that the district court committed no significant procedural error[.]" Gall v. United States, 552 U.S. 38, 51 (2007). Francis argues that the district court erred when it failed "to acknowledge or address in any manner how it incorporated the parsimony principle into the formulation of [his] sentence" and when it failed "to consider that Mr. Francis was the victim of a drive-by shooting[.]"

The district court thoroughly explained its reasons for imposing a 72-month sentence, including its reasons for departing or varying from the Guidelines range. Although it did not state that it was imposing "a sentence sufficient, but not greater than necessary," to comply with the sentencing goals of § 3553(a)(2), it was not required to do so. See United States v. San-Miguel, 634 F.3d 471, 474-75 (8th Cir. 2011) (rejecting the defendant's argument that the district court failed to explain adequately the sentence it imposed because it "never referred to the parsimony principle of section 3553"). The transcript makes clear that the parsimony principle guided the district court in sentencing Francis and that, given the serious nature of the

offense, Francis's extensive criminal history, and his likelihood to commit crimes upon his release, a lengthy sentence was warranted.

> Jail has not deterred your conduct. Incarceration has not modified your behavior . . . . So that's why one of the factors is to protect the public. We realize that there are people who we will not be able to help in prison. It's our goal to help people. But in your situation, at least we will protect the public from further crimes that you commit.

The district court went on to weigh the fact that Francis had cooperated with law enforcement and accepted responsibility. Had Francis not done so, "the Court was considering -- would be considering the maximum sentence under the statute." With respect to the contention that Francis carried the gun for protection after being shot, we presume the district court considered and rejected this argument because Francis raised it in his sentencing memorandum. See United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012) (presuming that the district court considered and rejected certain mitigating factors raised in the defendant's sentencing memorandum). We note that the argument contradicts his statement that he found the gun while packing his things on the night he was arrested. Moreover, Francis presented no evidence that he was coerced or under duress to possess a firearm. We thus find no procedural error in the district court's imposition of sentence.

The sentence is affirmed.

_____