# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2225
_____

United States of America

*Plaintiff - Appellee*

v.

Bobby Roberts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: December 16, 2013
Filed: May 15, 2014
[Unpublished]

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

PER CURIAM

Bobby Roberts pleaded guilty to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and received a sentence of 100 months imprisonment. Roberts challenges his sentence on two grounds. First, through counsel, Roberts argues that he should not have received a 2-level enhancement in his offense level for possession of a dangerous weapon pursuant to U.S. Sentencing Guidelines Manual ("USSG")

§ 2D1.1(b)(1) (2012). Second, Roberts filed a pro se supplemental brief in which he argues that one of his prior convictions was improperly included when calculating his criminal history score. We have jurisdiction to review his appeal pursuant to 28 U.S.C. § 1291.

Bobby Roberts sold crack cocaine to a confidential informant on three occasions in October 2011. On October 6th and October 10th, Roberts sold $1,000 worth of crack cocaine to the informant. On October 13th, Roberts sold another $6,000 worth of crack cocaine to the informant in Room 142 of the Econo Lodge in El Dorado, Arkansas. Shortly after this latter transaction, officers entered the hotel room and arrested Roberts and Milino McHenry, who was also in the room with Roberts. In the hotel room, officers found marijuana, crack cocaine, scales, money, and a firearm.

Roberts was initially indicted on six counts of drug trafficking and firearm offenses, but he ultimately pleaded guilty to only one count of distribution of cocaine base, or crack cocaine, in violation of 21 U.S.C. § 841(a)(1), pursuant to a plea agreement. In exchange, the government agreed to dismiss the remaining counts. The probation office prepared a Presentence Investigation Report ("PSR"), recommending a total offense level of 27, a criminal history category of IV, and an advisory sentencing guideline range of 100–125 months. Both in his written objections and at sentencing, Roberts objected on two grounds relevant to this appeal: (1) the 2-level enhancement in his offense level pursuant to USSG § 2D1.1(b)(1) for possession of a firearm; and (2) the assessment of 3 criminal history points for a prior conviction for burglary and theft. The district court overruled these objections and sentenced Roberts to 100 months imprisonment.

"This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010). In this case, Roberts asserts only procedural

error—that his guideline range was calculated incorrectly—and does not dispute the reasonableness of his sentence based on that range. "'We review for clear error the district court's findings of fact and apply de novo review to the district court's interpretation and application of the Guidelines.'" United States v. Woods, 670 F.3d 883, 886 (8th Cir. 2012) (quoting United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008)). "'A failure to properly calculate the advisory Guidelines range is a significant procedural error, and a non-harmless error in calculating the guidelines range requires a remand for resentencing.'" Id. (quoting Spikes, 543 F.3d at 1023).

Roberts argues that the district court erred in finding a firearm "was possessed" for purposes of USSG § 2D1.1(b)(1). See USSG § 2D1.1(b)(1) (2-level increase in offense level "[i]f a dangerous weapon (including a firearm) was possessed"). Roberts concedes officers found a firearm in the hotel room where he was arrested with the drugs, but he asserts there was no evidence to suggest he actually possessed the firearm. Instead, he argues, the firearm could have belonged to Milino McHenry, who was also present in the hotel room when the officers arrived; or it could have been left behind by a previous occupant of the hotel room. Roberts argues the government simply failed to meet its burden on this issue. See United States v. Ruiz-Zarate, 678 F.3d 683, 691 (8th Cir. 2012) (noting the government has the burden to prove the enhancement applies). Because it is a factual issue, we review for clear error the district court's finding that a firearm "was possessed." See, e.g., United States v. Newton, 184 F.3d 955, 957 (8th Cir. 1999) ("A district court's finding that a defendant possessed a firearm within the meaning of section 2D1.1(b)(1) will be reversed only if it is clearly erroneous.").

"For § 2D1.1(b)(1) to apply, the government must prove two things-(1) the gun was possessed and (2) it was not clearly improbable that the weapon was connected to the drug offense. " United States v. Anderson, 618 F.3d 873, 880 (8th Cir. 2010). "To prove the firearm was 'possessed,' the government need not prove ownership of either the weapon or the premises on which it is found . . . ." Id. at 879. "[E]ither

-3-

actual or constructive possession is sufficient, i.e., the individual must have exercised 'ownership, dominion, or control' either over the firearm or the premises on which it is found." United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996). "Constructive possession may be joint and need not be exclusive . . . ." United States v. Wright, 739 F.3d 1160, 1169 (8th Cir. 2014) (citing United States v. Brett, 872 F.2d 1365, 1369 (8th Cir. 1989)). In making its factual determinations, the district court may rely on "the written factual basis of [the defendant's] plea agreement." United States v. Poor Bear, 359 F.3d 1038, 1042 (8th Cir. 2004).

In this case, the parties stipulated in the plea agreement that on October 13, 2011, Bobby Roberts sold drugs to a confidential informant in Room 142 of the Econo Lodge in El Dorado, Arkansas. "Shortly after that transaction" officers arrested Roberts and McHenry in Room 142. Roberts' admission that he was selling drugs from the room is strong evidence of his dominion and control over the premises, including the contraband within. The fact that McHenry may have been in joint possession of the room and its contents does not defeat Roberts' own possession of the firearm for purposes of the enhancement.

The factual stipulations in the plea agreement also support a finding that "it is not clearly improbable that the weapon was connected to the drug offense." United States v. Peroceski, 520 F.3d 886, 889 (8th Cir. 2008); see also USSG § 2D1.1, cmt. n.11(A) ("The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."). "'[T]he government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense.'" Peroceski, 520 F.3d at 889 (quoting United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000)). "To carry its burden, the government need only prove a temporal and spatial nexus among the weapon, defendant, and drug-trafficking activity." United States v. Torres, 409 F.3d 1000, 1003 (8th Cir. 2005) (citing United States v. Atkins, 250 F.3d 1203, 1213 (8th Cir. 2001)). Evidence that a firearm was found in the same location as a quantity of

drugs is usually sufficient to support the enhancement. Peroceski, 520 F.3d at 889 (citing Fladten, 230 F.3d at 1086). In the plea agreement, Roberts agreed that the gun and drugs were in close spacial proximity: "In plain view inside the room officers observed several containers of marijuana located on the bed next to both defendants, along with money and a firearm located on the dresser and approximately 7.6 grams of crack cocaine with a set of scales on the bathroom counter top." Under the circumstances of this case, the proximity of the gun to the drugs is sufficient to support a finding that "it was not clearly improbable that the weapon was connected to the drug offense." Peroceski, 520 F.3d at 889. Based on the record before us, we conclude the district court did not commit clear error in finding that Roberts possessed a dangerous weapon for purposes of § 2D1.1(b)(1).

With our permission, Roberts also filed a pro se supplemental brief, reasserting his objection to the assessment of 3 criminal history points for a prior burglary and theft conviction. In its own supplemental response, the government concedes error on this point and agrees this matter should be remanded for resentencing.[1]

We remand for resentencing consistent with this opinion.

––––––––––––––––––––––––––––––

[1]"Upon further review of the state judgment . . . , the Government has determined that the only reference to a term of imprisonment recorded by the judgment pertains to a calculation of a *presumptive* sentence for the felony offense rather than the *actual* sentence. The only sentence recorded by the judgment is for a $150.00 fine." Appellee Supp. Br. at 5. "This factual error resulted in Roberts being erroneously assessed three criminal history points." Id. at 7. "Without those points, Roberts' guideline calculation would have been based upon a criminal history category III rather than IV." Id. at 7–8.