# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2849

_____

United States of America

*Plaintiff - Appellee*

v.

Allen Frederick Wichtendahl

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: May 8, 2015
Filed: May 14, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Allen Wichtendahl pleaded guilty to mail fraud, securities fraud, and money laundering. After a three-day sentencing hearing, the district court[1] sentenced him

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

to a total of 264 months in prison, consisting of concurrent terms of 240 months on the fraud convictions, and 120 months on the money-laundering conviction, with 24 months of that term to be served consecutive to the other terms, and the balance to be served concurrently. The court further imposed concurrent 3-year terms of supervised release, ordered restitution of $1,045,300.62, and entered a final order of forfeiture. Wichtendahl appeals, and his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967).

As for counsel's arguments, we have reviewed the district court's application of the Guidelines de novo, and its findings of fact for clear error, see United States v. Betts, 509 F.3d 441, 445 (8th Cir. 2007), and have found no error. Notably, Wichtendahl's 1999 activities were properly considered as relevant conduct because the evidence presented at the sentencing hearing--consistent with Wichtendahl's plea stipulations--show a consistent modus operandi for his fraudulent scheme over the years, with his 1999 activities being substantially connected to his activities between 2009 and 2013, see U.S.S.G. § 1B1.3 comment. n.9(A); and the district court thus properly assessed a criminal history point for a 1991 sentence that had been imposed on Wichtendahl for possessing a forged instrument, see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2) & comment. n.8. In addition, we find no error in the district court's application of specific offense adjustments, including enhancements for the number of victims and amount of losses, which were based on conservative figures that were supported by a preponderance of the evidence, notwithstanding Wichtendahl's position--which contributed to his loss of an acceptance-of-responsibility adjustment--that the court did not take into account legitimate portions of his enterprise. See United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000) (per curiam) (noting witness credibility is issue for district court). Finally, we conclude that the district court did not abuse its discretion in sentencing Wichtendahl as it did. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Following independent review under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.  The judgment is affirmed, and counsel's motion to withdraw is granted, subject to counsel's informing Wichtendahl about procedures for seeking rehearing or filing a petition for certiorari.

_____