# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 15-1826

———————————————

United States of America

*Plaintiff - Appellee*

v.

Wendy Espinoza

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: October 30, 2015
Filed: October 30, 2015
[Unpublished]

——————————

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Wendy Espinoza pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343, and mail fraud, in violation of 18 U.S.C. § 1341, admitting she participated in a scheme that involved extracting payments from illegal immigrants in exchange for false assurances that she could help them obtain legal status. After a lengthy sentencing hearing during which several victims testified, along with a special agent

with the Office of the Inspector General of the Social Security Administration, the district court[1] adopted the calculations in the presentence investigation report, varied upward from the advisory Guidelines imprisonment range of 57-71 months, and sentenced Espinoza to concurrent terms of 96 months in prison and 3 years of supervised release on each count. The court also ordered restitution of $541,520. Espinoza appeals, and her counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging Espinoza's prison term.

Following de novo review of the district court's application of the Guidelines, and clear error review of its findings of fact, *see United States v. Betts*, 509 F.3d 441, 445 (8th Cir. 2007), we conclude that a preponderance of the evidence supported the district court's Guidelines calculations with regard to the number of victims and the loss amount, *see United States v. Adejumo*, 772 F.3d 513, 526 (8th Cir.), *cert. denied*, 135 S. Ct. 1869 (2015), particularly given that witness credibility is a matter left to the district court, *see United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000) (per curiam).

We also find no abuse of discretion in the district court's decision to impose a sentence above the advisory Guidelines range after express consideration of the sentencing factors. *See United States v. Straw*, 616 F.3d 737, 743 (8th Cir. 2010).

Finally, after conducting independent review under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Missouri.