# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3616

_____

United States of America

*Plaintiff - Appellee*

v.

Rodrick Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 22, 2023
Filed: November 6, 2023
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Rodrick Mitchell guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the

sentenced him to 120 months in prison. He appeals the denial of a pretrial motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Around noon on July 9, 2020, Nikyra Moore—Mitchell's girlfriend and mother of his child—drove to the police station, visibly upset and crying, and told Officer Timothy Princivalli that she had been in an altercation with Mitchell at a hotel the night before. While he showered that morning, she left the hotel in the rental car Mitchell had been driving and drove to the station. Moore said she feared for the safety of herself and her child. She also told Officer Princivalli that Mitchell was a convicted felon and had put a loaded firearm under the hood of the car. Officer Princivalli checked the car's VIN, confirming it was a rental and ran a computer check, confirming Mitchell had a record of several physical altercations. Moore asked Officer Princivalli to remove the firearm from the car so she could return it to the rental company. He searched under the hood of the car, finding a 9 mm handgun and a magazine with ammunition.

Before trial, Mitchell moved to suppress the firearm and ammunition found in the car. The district court found that Officer Princivalli reasonably believed Moore could consent to a search of the car and also had probable cause to search it under the automobile exception.

Mitchell argues the district court erred by denying the motion to suppress. This court reviews de novo whether there has been a Fourth Amendment violation. *United States v. Dunn*, 928 F.3d 688, 692 (8th Cir. 2019). *See United States v. Short*, 2 F.4th 1076, 1077 (8th Cir. 2021) (courts review de novo whether the automobile exception applies). The government argues the search was valid because Moore had authority to consent to it. This court need not decide this issue because the automobile exception applies. "As long as the law enforcement officials have probable cause, they may search an automobile without a warrant under the

---

Honorable Nannette A. Baker, United States Magistrate Judge for the Eastern District of Missouri.

-2-

automobile exception." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *Id.*

Officer Princivalli had probable cause. Before the search, he learned Mitchell was a convicted felon and had a firearm under the hood of his vehicle. It is unlawful for any person who has "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). These facts "are sufficient to warrant" Officer Princivalli "in the belief that contraband or evidence of a crime" would be found. *United States v. Payne*, 119 F.3d 637, 642 (8th Cir. 1997).

Mitchell asserts there "was zero corroboration of any material part" of Moore's statements. But Officer Princivalli had no reason to find Moore's statements untrustworthy or unreliable. In fact, he verified several of them—the vehicle was rented and Mitchell was violent—before the search. The district court did not err in determining that the search was warranted under the automobile exception.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____